10-2433-ag
Li v. Holder

BIA
Vomacka, IJ
A 078 746 833

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand eleven.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

MING LIN LI,
> *Petitioner*,

v.                                        10-2433-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Douglas E. Ginsburg,
                       Assistant Director; Jessica R. C.
                       Malloy, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ming Lin Li, a native and citizen of the People's Republic of China, seeks review of a May 26, 2010, decision of the BIA, affirming the May 20, 2008, decision of Immigration Judge ("IJ") Alan A. Vomacka, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Lin Li,* No. A078 746 833 (B.I.A. May 26, 2010), *aff'g* No. A078 746 833 (Immig. Ct. N.Y. City May 20, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.   Past Persecution**

The record supports the agency's determination that Li

2

failed to demonstrate that she suffered past persecution. Although Li argues that she suffered past persecution because government officials interfered with her church to such an extent that she was not allowed to practice her Catholic religion without fear of punishment, she fails to point to any evidence in the record supporting this claim. Indeed, Li submitted a letter from the archdiocese of her church in China which did not indicate that she was unable to either practice her religion or attend services, or that she was arrested, detained, or harassed by the Chinese government for her religious activities. Rather, the letter stated that she took part in youth group activities, had confessions, and "lived a life with strong faith." Moreover, Li testified that neither she, her family members, nor any Catholic followers in her village were ever arrested. Accordingly, because a reasonable fact-finder would not be compelled to find that Li met her burden of establishing either that any threats she received from Chinese officials rose to the level of persecution or that she was unable to practice her religion, we will not disturb the agency's conclusion that Li failed to establish that she suffered past persecution. *See Diallo v. INS,* 232 F.3d 279,

287 (2d Cir. 2000).

**II. Well-Founded Fear of Persecution**

Because Li failed to demonstrate that she suffered past persecution, she was not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b). As Li does not point to any evidence corroborating her assertion that she would be singled out for persecution, the agency reasonably concluded that she failed to demonstrate a well-founded fear of future persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

Furthermore, the agency reasonably found that Li failed to demonstrate a pattern or practice of persecution against Catholics in China. *See Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007); *see also Santoso v. Holder*, 580 F.3d 110 (2d Cir. 2009). Here, the agency specifically considered Li's evidence and reasonably found that, although there was evidence indicating that "the Chinese government shows a poor respect for religious freedom in general," the evidence also indicated that most people who have been persecuted

4

were religious leaders, and that Li was not a religious leader nor was she likely to become one. This conclusion is supported by substantial evidence, as the 2007 Religious Freedom Report on China and the 2007 Profile of Asylum Claims and Country Conditions in China Report provided that authorities generally focused their attention on house-church leaders, activists, unofficial clergy members, and operators of illegal Bible publishing businesses, and that leaders of religious groups were subject to "harsher penalties." Furthermore, the 2007 Religious Freedom Report indicated that the government's treatment of unregistered groups varied widely throughout the country, and that, in some regions, "government supervision of religious activity was minimal." Accordingly, substantial evidence supports the agency's determination that Li failed to establish a pattern or practice of persecution of Catholics in China who are similarly situated to her. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

Because Li was unable to show the objective likelihood of persecution needed to make out an asylum claim based on her Catholic religion, she was necessarily unable to meet

5

the higher standard required to succeed on a claim for withholding of removal or CAT relief because all three claims rested on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Because the agency's burden finding is dispositive, we decline to reach the agency's adverse credibility determination.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk